**E-FILED on**    1/28/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA MARTINEZ,<br><br>    Plaintiff,<br>v.<br><br>APPLE COMPUTER,<br><br>    Defendant. | No. C-03-05504 RMW<br>No. C-04-00805 RMW<br><br>ORDER RE: RECENT FILINGS<br><br>**[Re Docket Nos. 58, 59, 60; 32, 33, 34]** |
| DONNA MARTINEZ,<br><br>    Plaintiff,<br>v.<br><br>WORKERS COMPENSATION APPEALS BOARD,<br><br>    Defendant. | No. C-04-00806 RMW<br><br>ORDER TO REOPEN; ORDER TO SHOW CAUSE<br><br>**[Re Docket No. 26, 27, 28]** |

    Plaintiff Donna Martinez filed three cases assigned to this court: *Martinez v. Apple Computer, Inc.*, C-03-05504 RMW; *Martinez v. Apple Computer, Inc.*, C-04-00805; and *Martinez v. Workers Compensation Appeals Board*, C-04-00806. Although all three cases have been closed, Ms. Martinez continues to serve additional defendants and file documents with the court. Accordingly, the court has received numerous requests from recipients of these documents to clarify the status of these cases.

# I. CASE STATUS

**A.     C-03-05544,** *Martinez v. Apple Computer, Inc.*

Ms. Martinez filed the first of her two complaints against defendant Apple Computer on December 8, 2003. She applied to proceed *in forma pauperis* and requested appointment of counsel, which the court denied. As ordered, she paid the filing fee. Thereafter, on April 27, 2004, Apple Computer moved to dismiss the complaint on the grounds that it was barred by the statute of limitations and res judicata. The court granted Apple's motion to dismiss, dismissed all claims with prejudice, and entered judgment in favor of Apple Computer on July 1, 2004. Pursuant to the entry of judgment, the clerk closed the case.[1]

**B.     C-04-00805,** *Martinez v. Apple Computer, Inc.*

Ms. Martinez filed the complaint in case number C-04-00805 on February 26, 2004, which was originally assigned to the San Francisco division of the Northern District of California. She applied to proceed *in forma pauperis*, which the court denied. Ms. Martinez did not pay the filing fee, rather she filed a document dated April 17, 2004 entitled "Notice of Related Case" wherein she stated that she was dismissing case number C-04-00805. Although never served with process, Apple Computer filed a motion to dismiss on April 27, 2004. Case number C-04-00805 was reassigned to Judge Whyte in the San Jose division and related to Ms. Martinez's original case against Apple Computer, C-03-05504. Pursuant to Ms. Martinez's voluntary dismissal of C-04-00805 on April 17, 2004 and to avoid further confusion, the court dismissed case number C-04-00805 without prejudice in an order dated May 6, 2004. The clerk closed the case.

**C.     C-04-00806,** *Martinez v. Workers Compensation Appeals Board*

Case number C-04-00806 was originally filed on February 26, 2004 against the Workers Compensation Appeals Board. Ms. Martinez did not serve process on the originally-named defendants in C-04-00806. As in the previous two cases, Ms. Martinez filed requests to proceed *in forma pauperis* and for appointment of counsel. The court did not rule on these motions, because it received what it believed to be a voluntary dismissal without prejudice of case number C-04-00806. Instead, the voluntary dismissal was a copy of the "Notice of Related Case" filed in C-04-00805 and its associated dismissal

---

[1]     The court denied Ms. Martinez's Motion for Reconsideration in case number C-03-05504 on August 4, 2004.

1  without prejudice, which was signed on April 22, 2004.  Case number C-04-00806 was mistakenly
2  closed.[2]

## II.  RECENT FILINGS

Ms. Martinez has recently submitted numerous forms and documents to be filed in each of the above three cases including: (1) an application to proceed *in forma pauperis*; (2) a request for accommodations by persons with disabilities; and (3) a request for appointment of counsel.  She seems to be attempting to add numerous defendants in case numbers C-03-05504 and C-04-00806, recently filing in those cases (4) a document that appears to be an amended complaint and (5) over 50 proofs of service of summons.  Although it is unclear what documents were served on these "defendants," it does not appear that all parties were served with the document the court takes to be plaintiff's amended complaint.  Each defendant was served with a different document containing varying combinations of questions, demands, accusations, and other commentary.

Because case numbers C-03-05504 and C-04-00805 are closed as set forth above, no further documents shall be filed or accepted in those cases.  Parties need not respond to documents filed in either C-03-05504 or C-04-00805 unless the filings are also made in the open case, C-04-00806.  However, because case number C-04-00806 was closed in error, necessitating the court to direct the clerk to reopen the file, the recent filings by Ms. Martinez in that case are addressed below.

## III.  ANALYSIS

Ms. Martinez has not paid a filing fee for C-04-00806 and, as enumerated in the previous section, has again requested the court for leave to proceed *in forma pauperis*.  Under 28 U.S.C. § 1915(a), a district court may grant *in forma pauperis* status if a litigant is unable to pay the costs of a lawsuit.  Nevertheless, the district court may deny leave to proceed *in forma pauperis* if the complaint is frivolous.  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987).

A complaint is frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Moreover, the district court has the discretion to dismiss proceedings *in forma*

---

[2] On July 22, 2004, Ms. Martinez filed (along with over fifty other documents) a document indicating that she had intended to dismiss case number C-04-00806, but it was never acted upon because the file had been closed.

ORDER RE: RECENT FILINGS— C-03-05504, C-04-00805
ORDER TO REOPEN; ORDER TO SHOW CAUSE—C-04-00806 RMW
MAG                                                                         3

*pauperis* "if the allegation of poverty is untrue" or "the action is frivolous or malicious." 28 U.S.C. § 1915(d). Under this standard, a district court may review the complaint and dismiss *sua sponte* those claims based on meritless legal theories or clearly lacking any factual basis. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke*, 490 U.S. at 324. A claim may be dismissed on grounds that it is factually frivolous if it is "clearly baseless," "fanciful," "delusional," or "fantastic." *Denton*, 504 U.S. at 32 (quoting *Neitzke*, 490 U.S. at 324-27).

As the Supreme Court has acknowledged, dismissals on the foregoing grounds "are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324. In fact, 28 U.S.C. § 1915(e)(2) specifies that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." *Id.* Although an *in forma pauperis* complaint may typically not be dismissed "simply because the court finds the plaintiff's allegations unlikely," a finding of factual frivolousness "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 32.

Ms. Martinez seeks to add over 50 defendants to C-04-8006. The defendants she purports to have served range from state and federal judges to lawyers that have represented or declined to represent her in previous actions in state court; from state and federal agencies to the "mail clerk for Soc [sic] Security." The documents submitted seem to allege, in varying stages of lucidity, a wide-ranging conspiracy by these "defendants" with Apple Computer to ruin her life, including, *inter alia*, acts of forgery, civil rights violations, professional malpractice, and insurance fraud. Aside from immunity issues with regard to some of Ms. Martinez's desired defendants, to the extent the court is able to unravel the facts alleged in Ms. Martinez's submissions, the facts and allegations facially "rise to the level of the irrational" or at least the "wholly incredible." Accordingly, as set forth below, the court requires Ms. Martinez to appear before it to show cause why her complaint should not be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

### IV.  ORDER AND ORDER TO SHOW CAUSE

It is hereby ordered:

1. Ms. Martinez shall make no further filings in case numbers C-03-05504 or C-04-00805 except appropriate post-judgment or post-dismissal filings permitted under the Federal Rules of Civil Procedure or applicable Local Rules.  The clerk shall terminate all motions pending to the date of this order in those two cases.  Neither the proofs of service of summons nor any other document Ms. Martinez has filed in C-03-05504 shall be docketed in that case.

2. The clerk shall reopen case number C-04-00806 and docket the proofs of service of summons and other documents Ms. Martinez has filed in that case.

3. IT IS ALSO HEREBY ORDERED that plaintiff appear on **February 18, 2005 at 9:00 a.m.** in **Courtroom 6** of this court **at 280 S. First Street, San Jose, CA 95113 and show cause why case C-04-0806 RMW should not be dismissed as frivolous**.  No defendant need appear at the hearing. Plaintiff is to file **no later than February 11, 2005** a written explanation as to why her amended complaint is not frivolous as to each defendant added.  IF PLAINTIFF FAILS TO SHOW GOOD CAUSE OR FAILS TO APPEAR ON FEBRUARY 18, 2005 AS ORDERED, THIS CASE WILL BE DISMISSED.

4. Pending the hearing on this order to show cause, all further actions in C-04-00806 are stayed.  No defendant need respond to any pending or future complaint, motion, or application in that case unless and until otherwise notified by order of the court.

DATED:      1/27/05                         /s/ Ronald M. Whyte
                                            RONALD M. WHYTE
                                            United States District Judge

1 | **Notice of this document has been E-FILED and sent to:**

2 | **Counsel for Plaintiff(s):**

Donna Martinez
153 Arabian Way
Scotts Valley, CA 95066
PRO SE

6 | **Counsel for Defendant(s):**

No appearance

**Dated:** _____1/28/05_____            _____/s/ MAG_____
                                            **Chambers of Judge Whyte**